# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **RICHARD HAMMAKER,** ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.:** |
| ) | **2:13-cv-45-TFM** |
| **VERIZON WIRELESS (VAW) LLC,** ) | |
| et al. ) | |
| ) | |
| Defendant(s). ) | |

## ANSWER OF DEFENDANT "VERIZON WIRELESS (VAW) LLC"

COMES NOW Defendant Verizon Wireless of the East LP, incorrectly designated as "Verizon Wireless (VAW) LLC"[1] (hereinafter "Verizon Wireless") and for answer to Plaintiff's Complaint states as follows:

### PARTIES

1.      It is admitted that Plaintiff is over 19 years of age. Verizon Wireless is without sufficient information to admit or deny the remaining allegations of this paragraph.

---

[1] The identity of this correct party-defendant is "Verizon Wireless of the East LP".

2. There are no allegations made against Verizon Wireless; therefore, no response is required.

3. There are no allegations made against Verizon Wireless; therefore, no response is required.

4. There are no allegations made against Verizon Wireless; therefore, no response is required.

5. Verizon Wireless admits that "Verizon Wireless (VAW) LLC" is registered in Delaware with its principal place of business located in the State of New Jersey. All other material allegations in this paragraph are denied. The identity of this correct party-defendant is "Verizon Wireless of the East LP."

6. Verizon Wireless denies that jurisdiction is proper in the Circuit Court of Elmore County, Alabama. Verizon Wireless is without sufficient information to admit or deny where Plaintiff lived at the times referenced in his Complaint.

## FACTUAL ALLEGATIONS

7. Admitted.

8. It is admitted, upon information and belief, that Plaintiff learned of information about his Verizon Wireless account on credit reports in September or October 2010. The remaining material allegations of this paragraph are denied.

9. Denied.

10.  Verizon Wireless denies it reported any "inaccurate information" to any credit reporting agencies. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations of this paragraph.

11.  Verizon Wireless denies it reported any "inaccurate information" to any credit reporting agencies. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations of this paragraph.

12.  Verizon Wireless denies it reported any "inaccurate information" to any credit reporting agencies. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations of this paragraph.

13.  Verizon Wireless denies it reported any "inaccurate information" to any credit reporting agencies. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations of this paragraph.

14.  Verizon Wireless denies it reported any "inaccurate information" to any credit reporting agencies. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations of this paragraph.

15.  There are no allegations made against Verizon Wireless; therefore, no response is required.

16.  There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

17. There are no allegations made against Verizon Wireless; therefore, no response is required.

18. There are no allegations made against Verizon Wireless; therefore, no response is required.

19. There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

20. There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

21. There are no allegations made against Verizon Wireless; therefore, no response is required.

22. Denied.

23. There are no allegations made against Verizon Wireless; therefore, no response is require.

24. Denied.

25. There are no allegations made against Verizon Wireless; therefore, no response is required.

26. Denied.

27. There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

28. Denied.

29. There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

30. There are no allegations made against Verizon Wireless; therefore, no response is required. To the extent Plaintiff intends the allegations to apply to Verizon Wireless, said allegations are denied.

31. Denied.

32. There are no allegations made against Verizon Wireless; therefore, no response is required. The extent Plaintiff intends the allegations to apply to Verizon. Wireless, said allegations are denied.

33. There are no allegations made against Verizon Wireless; therefore, no response is required. The extent Plaintiff intends the allegations to apply to Verizon. Wireless, said allegations are denied.

34. There are no allegations made against Verizon Wireless; therefore, no response is required.

35. Verizon Wireless admits that the Customer Agreement in effect with Plaintiff speaks for itself. All remaining material allegations of this paragraph are denied.

36. There are no allegations made against Verizon Wireless; therefore, no response is required.

37. Verizon Wireless admits that the Customer Agreement in effect with Plaintiff speaks for itself. All remaining material allegations of this paragraph are denied.

38. To the extent Plaintiff intends the material allegations of this paragraph to apply to Verizon Wireless, said allegations are denied.

39. To the extent Plaintiff intends the material allegations of this paragraph to apply to Verizon Wireless, said allegations are denied.

40. To the extent Plaintiff intends the material allegations of this paragraph to apply to Verizon Wireless, said allegations are denied.

41. To the extent Plaintiff intends the material allegations of this paragraph to apply to Verizon Wireless, said allegations are denied.

42. To the extent Plaintiff intends the material allegations of this paragraph to apply to Verizon Wireless, said allegations are denied.

43. Denied.

44. Denied as to Verizon Wireless.

45. Denied as to Verizon Wireless.

46. Denied as to Verizon Wireless.

47. Denied as to Verizon Wireless.

48. Denied as to Verizon Wireless.

49. Denied as to Verizon Wireless.

50. Denied.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 ET SEQ.

51. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

52. Admitted.

53. Verizon Wireless admits it meets the definition of a "furnisher" as codified in 15 U.S.C. § 1681 s-2.

54. Admitted.

55. Denied.

56. There are no material allegations made against Verizon Wireless; therefore, no response is required.

57. Denied.

58. There are no material allegations against Verizon Wireless; therefore, no response is required.

59. Verizon Wireless denies any information it provided about Plaintiff's account was inaccurate. Verizon Wireless is without sufficient information to admit or deny the remaining material allegations in this paragraph.

60. Denied.

61. There are no material allegations against Verizon Wireless; therefore, no response is required.

62. Denied.

63. Denied.

## COUNT II

## DEFAMATION

64. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

## COUNT III

## INVASION OF PRIVACY

68. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

69. Denied.

70. Denied. Further, Verizon Wireless denies that the FCRA provides for any private cause of action for invasion of privacy against it.

## COUNT IV

## NEGLIGENT, RECKLESS, WANTON & MALICIOUS AND/OR INTENTIONAL CONDUCT

71. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

72. Verizon Wireless admits the terms and conditions of the Customer Agreement in effect with Plaintiff speak for themselves. Verizon Wireless denies all other material allegations in this paragraph.

73. Verizon Wireless admits it must and does comply with certain provisions of the FCRA. Verizon Wireless denies it failed to comply with any applicable provisions of the FCRA.

74. Verizon Wireless denies the FCRA provides for any private cause of action as alleged in Court IV against it.

75. Denied.

76. Denied.

77. Denied.

## COUNT V

## NEGLIGENCE IN HIRING, SUPERVISING AND/OR TRAINING

78. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT VI

## VIOLATION OF THE FAIR, DEBT COLLECTION PRACTICES ACTS 15 U.S.C. § 1692 ET SEQ.

83. Verizon Wireless realleges its responses to the preceding paragraphs as if fully set forth herein.

84. Denied.

85. Denied.

### PRAYER FOR RELIEF

WHEREFORE, Verizon Wireless denies that Plaintiff is entitled to any judgment against this Defendant, or is entitled to the recovery of any of the requested damages and relief.

## AFFIRMATIVE DEFENSES

Having responded to the specifically enumerated allegations of Plaintiff's Complaint, Verizon Wireless also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Each of the plaintiff's claims fail to state a claim upon which relief may be granted under either state or federal law.

### SECOND AFFIRMATIVE DEFENSE

Verizon Wireless denies each and every material allegation of the Complaint and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Each of the plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contributory negligence and/or assumption of the risk.

## SIXTH AFFIRMATIVE DEFENSE

Verizon Wireless maintains that any liability, statutory or otherwise, or damage allegedly suffered by the plaintiff was due to the affirmative actions and/or omissions of the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant maintains that any liability, statutory or otherwise, or damage allegedly suffered by the plaintiff was due to acts or admission of third parties for whom Verizon Wireless is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged injuries and damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any legal or equitable relief afforded by the Fair Credit Reporting Act and/or the Fair Debt Collections Practices Act cannot make a prima facie claim against Verizon Wireless under these Acts.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged conduct of this Verizon Wireless and the plaintiff's injuries and damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any alleged violation of the Fair Credit Reporting Act was not intentional and resulted from a bonafide error despite the maintenance of reasonably adopted procedures implemented by Verizon Wireless to avoid any alleged violation.

## TWELFTH AFFIRMATIVE DEFENSE

Verizon Wireless pleads the affirmative defenses of privilege, conditional privilege, qualified privilege, or truth.

## THIRTEENTH AFFIRMATIVE DEFENSE

Each of the plaintiff's allegations based upon state law are subject to preemption by federal statute, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless implemented, maintained, and followed all necessary and reasonable procedures to avoid any alleged violation of the Fair Credit Reporting Act and assured maximum possible accuracy of any information regarding the plaintiff provided to any third party.

## FIFTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless maintains that its actions and communications were done and made in compliance with the Fair Credit Reporting Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless is entitled to qualified and/or absolute immunity under the Fair Credit Reporting Act, and any other available immunity afforded by federal or state law, from all claims asserted in the Complaint arising out of state law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless demands attorneys fees pursuant to the relevant provisions of the Fair Credit Reporting Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Verizon Wireless asserts that the plaintiff's claims are subject to arbitration.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims contained in the Complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgment against multiple defendants for different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringe the Due Process Clause of the

Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in the violation of the Eighth Amendment of the United States Constitution.

The recovery of punitive damages by the plaintiff in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

(a) it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e) the award of punitive damages in this case would constitute a deprivation of property without due process; and

(f) the procedures pursuant to which punitive damages are awarded may result in the award of a joint and several judgment against multiple defendants for different alleged acts of wrongdoing, which infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article One, Section Sixteen of the Constitution of Alabama.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Verizon Wireless avers that to the extent plaintiff's Complaint seeks punitive damages, Alabama Code. §§ 6-11-20; 6-11-23(a) and 6-11-24 apply.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Each of the Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Verizon Wireless asserts the defense of unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend or alter its affirmative defenses.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

_____
GLENN E. IRELAND (IRE002)
JUSTIN I. HALE (HAL098)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading to the below named attorney of record by placing a copy of same in the U.S. Mail, properly addressed, and proper postage prepaid, this the 23rd day of January, 2013:

**Counsel for Plaintiff:**

Wesley L. Phillips, Esq.
Phillips Law Group, LLC
Post Office Box 362001
Birmingham, Alabama 35236

**Counsel for Equifax Information Services, Inc.:**

Kary Bryant Wolfe, Esq.
Jones, Walker L.L.P.
One Federal Place
1819 Fifth Avenue North, Suite 1100
Birmingham, Alabama 35203

Brian J. Olson, Esq.
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309

**Counsel for Experian Information Solutions, Inc.:**

L. Jackson Young, Jr., Esq.
Ferguson, Frost & Dodson LLP
2500 Acton Road, Suite 200
P. O. Box 430189
Birmingham, Alabama 352430089

**Counsel for Trans Union LLC:**

Matthew W. Robinett, Esq.
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205

Amanda Loughmiller, Esq.
Strasburger & Price, LLP
2801 Network Blvd.
Suite 600
Frisco, Texas 75034-1844

_____
Of Counsel