UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD HAMMAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-45-MEF-TFM |
| ) | [wo] |
| VERIZON WIRELESS (VAW), LLC, *et al.*, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 23, filed February 21, 2013). For good cause, it is the Recommendation of the Magistrate Judge that this action be dismissed for failure to prosecute.

**I.  PARTIES**

Plaintiff, Richard Hammaker ("Hammaker" or "Plaintiff"), is a resident of Wetumpka, Elmore County, Alabama. *See* Doc. 1-1 at 1. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business located in Orange, California. *Id.* Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia. *Id.* Defendant Trans Union, LLC ("Trans Union") is a Delaware corporation with its principal place of business in Chicago, Illinois. *See* Doc. 1-1 at 1-2. Defendant Verizon Wireless, LLC

("Verizon") is a Delaware corporation with its principal place of business located in San Francisco, California. *See* Doc. 1-1 at 2. Experian, Equifax, Trans Union, and Verizon (collectively "Defendants") conduct business in Elmore County, Alabama, within the Middle District of Alabama. *Id.*

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. §§ 1168, *et seq*. (Fair Credit Reporting Act)*,* and 15 U.S.C. §§ 1692, *et seq*. (Federal Debt Collections Practices Act). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.  NATURE OF CASE/BACKGROUND

Hammaker initiated this Fair Credit Reporting Act and Federal Debt Collections Practices Act claim on December 20, 2012 when he filed his complaint in the Circuit Court of Elmore County, Alabama. *See* Doc. 1 at 1; Doc. 1-1 at 1. Trans Union timely removed this action to this Court on January 22, 2013. *Id.*  On January 31, 2013, this Court ordered the parties to attend a telephonic status conference. *See* Doc. 18. On February 22, 2013, Hammaker failed to appear at the status conference despite attempts by Defendants to set up the conference call. *See* Doc. 25. The Court subsequently entered an order for the Plaintiff to show cause why this action should not be dismissed for failure to prosecute. *See* Doc. 24. No response was filed by the March 8, 2013 deadline.

### IV. DISMISSAL FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Hammaker was sent notice of the status conference by this Court as well as by the Defendants in their attempt to set up the conference call as ordered.  *See* Doc. 18.  Hammaker did not appear at the status conference.  As such, the Court sent a second order which clearly detailed the consequences of a failure to respond. *See* Doc. 24.  Hammaker did not respond as ordered.  Consequently, it is reasonable to conclude that Plaintiff has chosen to abandon prosecution of his claims.

### V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action

be **DISMISSED without prejudice for lack of prosecution**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 3, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 20th day of March, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE